# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**ELIZABETH L. PERRIS**  
BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700  
PORTLAND, OREGON 97204  
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK  
TONIA J. McCOMBS, LAW CLERK  
JULIET M. KAESTNER, LAW CLERK

## NOT FOR PUBLICATION

May 30, 2006

Erin K. Olson  
2905 NE Broadway St.  
Portland, OR  97232

Thomas H. Tongue  
851 SW Sixth Ave., Suite 1500  
Portland, OR  97204

    Re:  <u>P.S.E. v. Society of Jesus</u>, Adv. No. 06-3125  
         Motion to Remand

Dear Counsel:

    I took this motion under advisement after the April 26, 2006 hearing. On May 10, I sent a letter to Ms. Olson asking for clarification about the relationship between the state court claims against Fr. Bernard Harris and claimants' claims against debtor. I have received and taken into consideration Ms. Olson's Supplemental Declaration filed in response to my letter and Mr. Tongue's reply. Based on my review of the arguments and materials submitted, I will grant the motion to remand on Claims #1 - 4, and deny remand on Claim #5.

    This complaint was filed in state court by six sibling plaintiffs.[1] Each plaintiff alleges that he or she was abused by one or more priests. The complaint alleges that Fr. James Harris and Fr. Maurice Grammond were Archdiocesan priests, but that Fr. Bernard Harris was not connected to the Archdiocese of Portland. Although the complaint makes allegations about debtor, it does not name debtor as a defendant.

    Defendant Society of Jesus removed the action from state court to bankruptcy court, on the basis of "related to"

---

[1] Ms. Olson's Supplemental Declaration says that seven siblings have asserted claims against debtor, alleging sexual abuse by an Archdiocesan priest. Only six of those siblings are plaintiffs in the state court action.

Erin K. Olson
Thomas H. Tongue
May 30, 2006
Page 2

bankruptcy jurisdiction. (Defendant originally asserted federal question jurisdiction, but clarified that it is not relying on federal question jurisdiction for removal.) Plaintiffs move for remand to state court, arguing that there is no "related to" jurisdiction and that this court is required to abstain pursuant to 28 U.S.C. § 1334(c)(2).

A claim or cause of action may be removed from state court to the district court "if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). If the claim was improperly removed because this court lacks jurisdiction over it, the claim must be remanded. See In re ACI-HDT Supply Co., 205 B.R. 231 (9th Cir. BAP 1997); Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984).

28 U.S.C. § 1334(c)(2) requires abstention from hearing a state law claim or cause of action over which the court has "related to" jurisdiction, "if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

As I explained in my Memorandum Opinion re Motions for Relief from Stay, Remand, and Abstention, entered January 17, 2006, abstention does not apply once a proceeding is removed to federal court, because there is no pending state court proceeding. See In re Lazar, 237 F.3d 967, 981 (9th Cir. 2001). Therefore, I will not abstain, but will consider only whether to remand.

The first question is whether removal was proper. Defendant argues that this court has jurisdiction, and the complaint was therefore properly removed, because the claims are related to debtor's bankruptcy case. See 28 U.S.C. § 1334(b).[2]

A claim is "related to" a case under title 11 and thus is within the jurisdiction of the bankruptcy court if

---

[2] Section 1334(b) provides that district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Bankruptcy courts have jurisdiction under 28 U.S.C. § 157.

> the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. [T]he proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988)(quoting Pacor, Inc. v. Higgins, 743 F.2d at 994).

All of the plaintiffs in this complaint have filed proofs of claim against debtor. However, none of the claims alleged in this complaint is against debtor. Claim #5 (involving three of the six plaintiffs) alleges abuse by Fr. James Harris and Fr. Grammond, who were both alleged to have been Archdiocesan priests. Plaintiffs represent that their claims against the bankruptcy estate are based on the conduct of Fr. James and Fr. Grammond. Therefore, the outcome of Claim #5 could affect debtor's liabilities. That makes the claim related to this bankruptcy case, and therefore this claim was properly removed.

As for Claims #1 - 4, which are asserted only against Fr. Bernard Harris, who is not alleged to be an Archdiocesan priest, plaintiffs explain that four of the siblings allege abuse by Fr. Bernard that is unrelated to any abuse by either Fr. James or Fr. Grammond. They also assert that they do not seek to hold debtor responsible for the alleged abuse by Fr. Bernard, because he "was not an agent or employee of Debtor and the abuse did not occur at locations or functions controlled by Debtor." Supplemental Declaration of Erin Olson ¶ 10.

Because the claims against Fr. Bernard are not alleged to have occurred at the same time as the alleged abuse by Archdiocesan priests, and plaintiffs are not seeking to hold debtor liable for the alleged abuse by Fr. Bernard, there is no relationship between those claims and this bankruptcy case.[3] The

---

[3] I understand from plaintiffs' counsel's Supplemental Declaration that the claims of these plaintiffs against debtor are based on separate incidents of alleged abuse by Fr. James, which incidents were not included in the state court complaint. According to counsel's argument at the hearing on this motion,
(continued...)

Erin K. Olson
Thomas H. Tongue
May 30, 2006
Page 4

claims are not within the "related to" jurisdiction of this court, and should not have been removed. They will be remanded to state court.

Having concluded that Claim #5 was properly removed, the question is whether I should remand it to state court on any equitable ground. As I explained in my Memorandum Opinion re Motions for Relief from Stay, Remand, and Abstention, making that determination requires that I consider a number of factors, which are set out in In re Enron Corp., 296 B.R. 505, 508 n.2 (C.D. Cal. 2003). In that Memorandum Opinion, I considered the factors and concluded that remand is appropriate for personal injury tort claims asserted by claimants who are seeking compensatory damages only, but that remand is not appropriate for claims asserted by claimants who seek to recover punitive damages. The same analysis applies to Claim #5 in this case. The claimants named in Claim #5 have elected to assert punitive damages claims against debtor based on the conduct of Fr. Grammond, and so their claim against Fr. Grammond will remain in federal court. Thus, remand will be denied for Claim #5.

Plaintiffs ask for an award of costs and attorney fees for improvident removal of the complaint from state court. I do not find that an award of costs and attorney fees is warranted, and so will deny the request.

Ms. Olson should submit the order.

Very truly yours,

*[signature: Elizabeth L. Perris]*

ELIZABETH L. PERRIS
Bankruptcy Judge

cc: Thomas E. Cooney, Sr.
 Margaret Hoffmann

---

³(...continued)
the estate of Fr. Grammond was sued to toll the statute of limitations. I gather that the allegations against Fr. James were included in the complaint because these particular incidents of abuse were alleged to have occurred by Fr. James and Fr. Grammond at the same time, or at least in the same location. The other incidents of alleged abuse by Fr. James occurred, as I understand it, at a different time and place.